UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN PARKE, SCOTT DARRINGTON, NANCY CASKEY, and TAMARA APFELBECK; and ELVES FOR THE HOMELESS, a Washington non-profit corporation,<br><br>                Plaintiffs,<br><br>  v.<br><br>CITY OF CLARKSTON, a municipal corporation,<br><br>                Defendant. | NO. 2:24-CV-0112-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 13. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion (ECF No. 13) is DENIED.

//

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 1

# BACKGROUND

This case concerns homeless persons camping on public property in the City of Clarkston, Washington. Plaintiffs move for a preliminary injunction enjoining enforcement of Clarkston's Ordinance against them between the hours of 7:00 a.m. to 9:00 p.m. when they take "the most rudimentary precautions" to protect themselves from inclement weather, up to and including the use of a tent on public property. ECF No. 13 at 2. The Plaintiffs complaint alleges cruel and unusual punishment in violation of the Eighth Amendment and primarily relies on the Ninth Circuit's opinions in *Johnson v. City of Grants Pass*, 72 F.4th 868, 892 (9th Cir. 2023) and *Martin v. Boise*, 920 F.3d 584, 618 (9th Cir. 2019).

# DISCUSSION

A. TRO Standard

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks and citation omitted)).

//

//

### B. Likelihood of Success on the Merits

Plaintiffs' motion alleges that the City of Clarkston's Ordinance likely violates the Eighth Amendment because it punishes the individual Plaintiffs for sheltering from bad weather by the only means they have to do so. ECF No. 13 at 8-9. Plaintiffs cite to the holdings in *Johnson v. City of Grants Pass* and *Martin v. Boise*. However, the Supreme Court of the United States just issued its opinion on June 28, 2024 in *City of Grants Pass v. Johnson*, ___U.S. ___ (2024) which reversed the Ninth Circuit and held that enforcement of generally applicable laws regulating camping on public property does not constitute "cruel and unusual punishment" prohibited by the Eighth Amendment.

### C. Irreparable Injury

Plaintiffs argue irreparable injury. A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 4

### D. Balancing of Equities and Public Interest

Plaintiffs contends that the balance of hardships tips in Plaintiffs' favor. However, without a substantive basis for this Court to rule in Plaintiffs' favor, these factors have no meaning. Regardless, the Court will not grant a preliminary injunction unless the public interests in favor of granting an injunction "outweigh other public interests that cut in favor of *not* issuing the injunction." *Cottrell*, 632 F.3d at 1138 (emphasis in original).

### CONCLUSION

The Court finds that Plaintiffs have failed to satisfy either the *Winter* test or the *Cottrell* sliding scale test. Therefore, Plaintiffs are not entitled to their requested relief.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Temporary Restraining Order and Injunctive Relief (ECF No. 13) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 1, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 5