FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN PARKE and ELVES FOR THE HOMELESS, a Washington non-profit corporation,<br><br>                            Plaintiffs,<br><br>v.<br><br>CITY OF CLARKSTON, a municipal Corporation,<br><br>                            Defendant. | NO. 2:24-CV-0112-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendant's Motion for Protective Order (ECF No. 37). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Protective Order (ECF No. 37) is GRANTED in part.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 1

# BACKGROUND

This matter arises out of public camping in the City of Clarkston, Washington. In October of 2023, Plaintiff John Parke was sheltering in Foster Park in Clarkston when he and others were informed that they would need to move to a different park, either due to maintenance or because of a drug overdose death in the restroom. *Id*. at 8–9, ¶¶ 13–17. Plaintiff Parke and other unhoused individuals were required by Defendant to move from place to place, and they ended up camping on a strip of land on which Defendant thought it had an easement. *Id*. at 9, ¶ 18. In January 2024, Defendant learned it did not have an easement, and the property's owner demanded that Defendant removed the individuals camping on the land. *Id*. at 11, ¶¶ 27–28.

On February 6, 2024, Defendant held an emergency city council meeting, during which Ordinance 1706 was passed. *Id*. at 11, 12, ¶¶ 29, 34. Ordinance 1706 generally prohibits, among other things, public camping except in Foster Park between the hours of 9:00 p.m. and 7:00 a.m. Then on April 3, 2024, Defendant posted a notice of the closure of Foster Park every day from 8:00 a.m. to 12:00 p.m. for maintenance. *Id*. at 16, ¶ 62. On August 26, 2024, Defendant passed Ordinance 1709, which allows it to issue civil exclusions orders to individuals who violate ordinances related to parks. *Id*. at 16, ¶¶ 63–64. Plaintiffs challenge the application of Ordinance 1706 and Ordinance 1709 generally and in light of the

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 2

1 closure of Foster Park.

2     Plaintiffs sent a draft of their Federal Rule of Civil Procedure 30(b)(6)

3 deposition notice on April 1, 2025. ECF No. 37 at 5. The parties conferred about

4 the draft notice on April 3, and a new notice was sent on April 17. *Id*. Defendant

5 raised objections on April 29 and May 16, but ultimately the parties were not able

6 to reach an agreement. *Id*. Defendant now seeks a protective order on several

7 topics raised in Plaintiffs' notice.

## DISCUSSION

9     Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain

10 discovery regarding any nonprivileged matter that is relevant to any party's claim

11 or defense and proportional to the needs of the case." "The discovery process in

12 theory should be cooperative and largely unsupervised by the district court." *Salie*

13 *v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). However, parties

14 may seek relief from a court under Federal Rule of Civil Procedure 26(c)(1), which

15 may, "for good cause, issue an order to protect a party from annoyance,

16 embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P.

17 26(c)(1)(G). The party seeking a protective order bears the burden of showing

18 "good cause"—that is, that specific prejudice or harm will result if no protective

19 order is granted. *In re Roman Catholic Archbishop*, 661 F.3d at 424 (citing *Foltz*

20 *v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003)).

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 3

Additionally, the moving party must also demonstrate that it has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Defendant has noted that several discussions were had in April 2025, and no resolution was accomplished. ECF No. 37 at 3. It still maintains objections to Plaintiff's deposition topics 2, 3, 4, 7, 8, 9, 18, 19, 20, 21, 22, and 23, for a variety of reasons. ECF No. 37. The Court considers each in turn.

**1. Topics 2 and 19**

Topic 2 for deposition examination of the City of Clarkston reads:

> Federal funds used for CITY programs, services, activities, and ACCOMODATIONS PROGRAMS related to UNHOUSED PERSONS with a DISABILITY.

ECF No. 38-3 at 18.

Topic 19 requests information on:

> Official COMMUNICATIONS between the following departments with respect to the CITY's ACCOMMODATIONS PROGRAMS and any RELATED CITY POLICIES or PROCEDURES: (a) the Clarkston City Council; (b) the Clarkston Public Works Department; (c) the POLICE, (d) the Clarkston Parks & Recreation Department; (e) the City Manager; or (f) the Mayor. As used here, "official communication" means a communication reasonably understood to be made on behalf of the department in the execution of its departmental responsibilities.

*Id.* at 23.

The notice defines "programs, services, or activities," as "Ordinance 1706,

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 4

1  Ordinance 1709, and the closure of Foster Park between 8:00 am and 12:00 pm."
2  *Id*. at 10.  Defendant objects to the use of "programs, services, or activities," as a
3  legal question pursuant to the Americans with Disabilities Act ("ADA").  ECF No.
4  37 at 4.  It contends that closing a park for maintenance between the hours of 8
5  a.m. and 12 p.m. is not itself a service, program, or activity, but rather a means to
6  deliver a public service.  *Id*.  Thus, requiring a Rule30(b)(6) deponent to either
7  testify in endorsement of Plaintiffs' legal conclusion, or object and risk being
8  accused of being unprepared for the deposition, presents an impossible position.
9  *Id*. at 4–5.  Plaintiffs argue that they narrowed the scope of inquiry at the request of
10 Defendant, and that presently they are not requiring Defendant to agree with their
11 construction of "programs, services, or activities."  ECF No. 41 at 5.
12       The ADA requires a public entity to "operate each service, program, or
13 activity so that the service, program, or activity, when viewed in its entirety, is
14 readily accessible to and usable by individuals with disabilities."  28 C.F.R.
15 § 35.150(a).  In deciding whether an activity qualifies as a "service, program, or
16 activity," courts examine whether the public function is a "a normal function of a
17 governmental entity."  *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th
18 Cir. 2002) (internal citation omitted).  Whether or not the maintenance of Foster
19 Park is an "service, program, or activity," pursuant to the ADA is debatable, and
20 the Court declines to decide the issue with the briefing currently before it.  *See*

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 5

*Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1174 (9th Cir. 1999) (emphasis added) ("Consider, for example, how a Parks Department would answer the question, 'What are the services, programs, and activities of the Parks Department?' It might answer, 'We operate a swimming pool; we lead nature walks; *we maintain playgrounds*.' It would not answer, 'We buy lawnmowers and hire people to operate them.' The latter is a means to deliver the services, programs, and activities of the hypothetical Parks Department, but it is not itself a service, program, or activity of the Parks Department."); *Barden*, 292 F.3d at 1076 (internal citation and quotation marks omitted) ("In keeping with our precedent, maintaining public sidewalks is a normal function of a city and 'without a doubt something that the [City] does.' Maintaining their accessibility for individuals with disabilities therefore falls within the scope of Title II.").

What the Court understands these topics to be driving at is the administration of Ordinances 1706 and 1709, specifically what money was used and what conversations were had to effectuate the implementation and continued enforcement of the ordinances. The heart of the topic is within Plaintiffs' right to understand as well as within the ability of a Rule 30(b)(6) witness to provide on behalf of the City of Clarkston. To avoid objection at the deposition based on the differing conclusions of "service, program, or activity," the Court will require a revision to the language of Topics 2 and 19 to omit the contested phrasing.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 6

### 2. Topic 3

Topic 3 seeks information regarding:

> The details of the circumstances surrounding the adoption of the ORDINANCE, including the CITY's interpretation, purpose, intent, motivation, and goals, and consideration of alternative means to achieve those goals, and also INCLUDING, any CITY employees, agents, or contractors involved in the planning and drafting of the ORDINANCE, the role, duties, responsibilities, and decision-making authority of each such CITY employee, agent, or contractor, and any information contained in records produced by the CITY related to the adoption of the ORDINANCE.

ECF No. 38-3 at 18.

Next, Defendant seeks to strike Topic 3 as the phrase "details of the circumstances," is vague and overly burdensome. ECF No. 37 at 5. It also objects on the basis that the request may seek to require the Rule 30(b)(6) witness to attempt to respond as to the motivations of each individual councilmember involved in the adoption of the ordinances. ECF No. 37 at 5–6. Plaintiffs counter that the phrase "details of the circumstances," is further contextualized by "surrounding the adoption of the ordinance," and therefore is not impermissibly vague. ECF No. 41 at 5. Moreover, Plaintiffs state that they are asking for Defendant's interpretation, purpose, intent, motivation, and goals, not any one specific individual's perspective. *Id*. at 6.

The Court does not find the deposition topic to be fundamentally unanswerable by Defendant, instead it appears to be asking for the deponent's

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 7

preparation on the origins and formation of the Ordinances, something that should be in the purview of the Rule 30(b)(6) witness as a representative of the City which has adopted and enforced them. *See* Fed. R. Civ. P. Rule 30 ("The persons designated must testify about information known or reasonably available to the organization."). Baked into the first half of the topic is the expectation that the Rule 30(b)(6) discuss with those named individuals in the second half of the topic, with the caveat that Defendant will be squarely within its right to object to expansive questions about the motivations or thoughts of any specific individual during the deposition. This objection is overruled, the Court declines to strike the topic in whole or in part.

### 3. Topic 4

Topic 4 requests information on:

> The details of all ENFORCEMENT related to the ORDINANCE since February 6, 2024 INCLUDING the CITY's interpretation, purpose, intent, motivation, and goals, and consideration of alternative means to achieve those goals, and any information contained in records produced by the CITY for that ENFORCEMENT action.

ECF No. 38-2 at 18–19.

Defendant objects to this topic as overbroad and impermissibly burdensome, and on the basis that Ordinance 1706 speaks for itself. ECF No. 37 at 6–7. Plaintiffs clarified that they do not expect the witness to possess knowledge of "every minute detail of every enforcement action," but instead is seeking to discuss

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 8

the enforcement records produced in discovery. ECF No. 41 at 7. The Court agrees that this topic is well within the scope of a Rule 30(b)(6) deponent representing the City. This objection is overruled. Defendant should raise objections to the overbroad nature of questions related to this topic, should they arise, at the deposition.

### 4. Topic 8

Topic 8 seeks:

> The CITY's position regarding the accommodations requested in the March 7, 2024 letter it received from Northwest Justice Project on behalf of the Plaintiffs regarding the ORDINANCE, INCLUDING the CITY'S COMMUNICATIONS by or amongst its agents, staff, and employees with respect to the letter, and also INCLUDING whether the CITY holds the position the requested accommodations were unreasonable, an undue burden, and/or a fundamental alteration of its program and services, and the reasons supporting the position.

ECF No. 38-3 at 20.

In its original motion, Defendant argues that Topic 8 should be stricken as based on an improper characterization of the facts. ECF No. 37 at 7. Specifically, Defendant argues that, despite requests from the City for identification, Mr. Wolff would not disclose the clients identified as unhoused persons living in Clarkston in his letter, or the nature of the accommodations they were requesting. *Id*. Defendant argues that Plaintiff Parke was not homeless at the time the letter was sent, and Plaintiff Elves for the Homeless cannot make a reasonable

accommodation request on its own behalf. *Id.* Then, in Reply to Plaintiffs' Response, Defendant argues that Topic 8 would require a Rule 30(b)(6) deponent to opine as to the legal position taken by Defendant upon receiving the letter sent by Mr. Wolff, specifically whether it found the request to be "unreasonable." ECF No. 44 at 7.

Defendant's objection related to whether Plaintiff Parke was homeless at the time of the letter is irrelevant for purposes of the Rule 30(b)(6) deposition. It is the Defendant's stated position that it did not know who Mr. Wolff's letter was referring to, and thus would not be in the purview of the deponent to opine on whether Plaintiff Park was homeless. The question is related specifically to what Defendant knew at the point of receiving the letter, and it was not aware of the specific clients contained therein. As to the objection related to whether Defendant could accommodate the request, the Court agrees that the topic may call for a legal conclusion. Whether or not the accommodations requested in the letter was "reasonable" or what, legally, Defendant's position was are outside the scope of a lay witness and get to the heart of the issue of this dispute. *See Crescent Point Energy Corp. v. Tachyus Corp.*, 2023 WL 4646013, at *2 (N.D. Cal. July 20, 2023). Topic 8 is therefore struck on the grounds that it calls for a legal conclusion related to what Defendant thought of the accommodation request. However, because the argument related to the legal nature of Topic 8 was raised in Reply,

and therefore deprived Plaintiffs the chance to address the argument, the Court will permit them to attempt to supplement the question should they choose.

**5. Topics 7 and 9**

Topic 7 requests:

> The CITY's POLICIES AND PROCEDURES for communicating with UNHOUSED PERSONS with DISABILITIES requesting REASONABLE ACCOMMODATIONS, and the CITY's efforts to assess the impacts of the ORDINANCE on UNHOUSED PERSONS with DISABILITIES.

ECF No. 38-3 at 19–20.

Topic 9 seeks:

> The CITY's knowledge of a need for an ACCOMMODATIONS PROGRAM regarding ENFORCEMENT of the ORDINANCE, INCLUDING the City's knowledge of a failure to investigate or act upon a request for a REASONABLE DISABILITY ACCOMMODATION, or of a failure to investigate or act upon a substantial likelihood of a need for a REASONABLE DISABILITY ACCOMMODATION.

*Id*. at 20.

Defendant objects to Topics 7 and 9 as based on attorney work product. ECF No. 37 at 8. In Reply, Defendant relies on its reasoning as stated in Topic 8 for exclusion. ECF No. 44 at 8. The Court does not find that Topic 7 is in danger of requiring the deponent to opine on a legal conclusion, and likewise finds the best way to ascertain whether it calls for the invocation of the attorney work product is to object during the deposition and instruct the witness not to answer

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 11

where appropriate. The Court finds Topic 9 to be inappropriate, as a concession of a legal position, calling for a legal conclusion, and very likely wading into attorney work product. Therefore Topic 9 is struck without the opportunity to revise or supplement as it seems unsalvageable.

### 6. Topics 8, 18–21

Topic 18 seeks:

> Official COMMUNICATIONS between the following departments with respect to UNHOUSED PERSONS, ENFORCEMENT, or the ORDINANCE since January 1, 2023: (a) the Clarkston City Council; (b) the Clarkston Public Works Department; (c) the POLICE, (d) the Clarkston Parks & Recreation Department; (e) the City Manager; or (f) the Mayor. As used here, "official communication" means a communication reasonably understood to be made on behalf of the department in the execution of its departmental responsibilities.

ECF No. 38-3 at 23.

Topic 20 requests information on:

> Official COMMUNICATIONS between the following departments with respect to the CITY's outreach, services, and programs for UNHOUSED PERSONS: (a) the Clarkston City Council; (b) the Clarkston Public Works Department; (c) the POLICE, (d) the Clarkston Parks & Recreation Department; (e) the City Manager; or (f) the Mayor. As used here, "official communication" means a communication reasonably understood to be made on behalf of the department in the execution of its departmental responsibilities.

*Id*. at 23.

Topic 21 seeks information on:

> Official COMMUNICATIONS between the CITY and any of the following with respect to UNHOUSED PERSONS, ENFORCEMENT, or the ORDINANCE since January 1, 2023: (a) the City of Lewiston; (b) the Port Authority; (c) the City of Asotin; (d) the County of Asotin; (e) the Army Corps of Engineers; (f) the County of Whitman; or (g) any other local government entity the City COMMUNICATED with about the above subjects. As used here, "official communication" means a communication reasonably understood to be made on behalf of the City in the execution of the person's official responsibilities.

*Id*. at 23.

Defendant objects to the aforementioned topics plus topic 8 because Plaintiffs have requested preparation on "every manner or means" of oral and written communication including actual and attempted communication. ECF No. 37 at 9. The Court agrees that the definition of "communications" as presented by Plaintiffs is too broad to be actionable, and therefore requires a revision to remove "attempted," as a basis for topic preparation. Moreover, the Court does not find it reasonable for the Rule 30(b)(6) witness to have a specific working knowledge of every verbal conversation related to the topics and the timeframe of the employees listed. Therefore, while a general outline and basic understanding is within the requirements of the deponent, the Court would find objections to the reasonableness of certain questions posed at the deposition warranted. Plaintiffs are instructed to revise the definition of "communications," to omit "attempted."

**7. Topics 22 and 23**

Topic 22 seeks information on:

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 13

1  The affordable or low-income housing options available in the CITY to the best of the City's knowledge, including the CITY's efforts to approve, develop, build, or otherwise obtain affordable or low-income housing within the City for the past five years.

ECF No. 38-3 at 24.

Topic 23 request:

All places of public accommodation within the CITY which could reasonably likely serve as, or actually do serve as, temporary shelter from the weather for UNHOUSED persons, including the hours of operation, location, and limitations on use, to the best of the City's knowledge.

*Id*. at 25.

Defendant argues that these topics require it to conduct research which is outside the scope of a Rule 30(b)(6) witness. ECF No. 37 at 9–10. The Court disagrees that Topic 22 is outside the scope of Defendant's knowledge, but that Topic 23 likely is. If Defendant has partnerships with existing shelters or otherwise has invested in the creation of housing, then that would reasonably be within the scope of the Rule 30(b)(6) witness. However, requesting Defendant to conduct research to other entities not already known to it is not proper for the purposes of this deposition.

//

//

//

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order (ECF No. 37) is **GRANTED in part**.

    a. Plaintiffs shall revise Topics 2 and 18–21 as discussed above.

    b. Plaintiffs may supplement Topic 8 to seek information not related to a legal conclusion if they are able.

    c. Topics 9 and 23 are struck and Plaintiffs may not ask questions related to their contents.

2. Plaintiffs shall serve a renewed Rule 30(b)(6) notice on Defendant within **7 days** of this Order.

3. The Court shall provide a separate amended scheduling order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 23, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 15